Eliezer Drew (ED0625)
Grushko & Mittman, P.C.
515 Rockaway Avenue
Valley Stream, New York 11581
(212) 697–9500
Attorneys for Plaintiff



15 CV 639

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALPHA CAPITAL ANSTALT,<br><br>Plaintiff,<br><br>-against-<br><br>HIGH PERFORMANCE BEVERAGE COMPANY,<br><br>Defendant. | Index No. _____/2015<br><br>COMPLAINT |

Plaintiff Alpha Capital Anstalt ("Alpha" or "Plaintiff"), by its attorneys, Grushko & Mittman, P.C., as and for its complaint against Defendant High Performance Beverage Company ("TBEV" or "Defendant"), respectfully alleges as follows:

PRELIMINARY STATEMENT

This is an action for breach of contract. On August 26, 2014, and August 27, 2014 the Plaintiff acquired convertible notes issued by the Defendant pursuant to purchase agreements. Defendant defaulted under the terms of the notes and purchase agreement.

PARTIES

1.    Plaintiff Alpha Capital Anstalt is an entity incorporated under the laws of the State of Lichtenstein with an office at Lettstrasse 32 FL 9490 Vaduz, Furstentum, Leichtesnstein.

2. Defendant High Performance Beverage Company is an entity incorporated under the laws of the State of Nevada with an address of 5137 East Armor Street, Cave Creek, Arizona 85331.

## JURISDICTION AND VENUE

3. Jurisdiction is also based on 28 USC §1332 in that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a State and citizens or subjects of a different state or foreign state.

4. Venue is further proper in this district because the agreement between the parties requires that any action brought to enforce the agreements be brought in this District.

## FACTUAL ALLEGATIONS

The Transaction Documents

5. On August 26, 2014, TBEV, Tonaquint, Inc. ("Tonaquint"), and Plaintiff entered into a note purchase agreement (the "NPA").

6. Pursuant to the NPA, the Plaintiff purchased from Tonaquint a $62,234.24 principal amount portion of a note originally issued by the Defendant to Tonaquint on October 2, 2013.

7. Pursuant to the NPA the Defendant issued to Alpha a new note dated August 26, 2014 in the principal amount of $62,234.24 (the "2013 Note"). A copy of the 2013 Note is attached hereto as Exhibit A.

8. On August 27, 2014, TBEV and Plaintiff entered into a securities purchase agreement (the "SPA"). A copy of the SPA is attached hereto as Exhibit B.

9. Pursuant to the SPA, the Plaintiff purchased from Defendant for $150,000 an original issue discount note in the principal amount of $160,000 (the "2014 Note" and together with the 2013 Note, the "Notes").  A copy of the 2014 Note is attached hereto as Exhibit C.

10. Both the Notes are convertible into shares of the Defendant's common stock and contained material provision to enable the Plaintiff to sell any share it acquires upon conversion of the Notes

Breach of Contract Claims

11. On August 29, 2014, Plaintiff submitted a notice of conversion, converting $6,000 of the 2013 Note into 7,142,857 shares of the TBEV's common stock.

12. The 2013 Note was due on October 8, 2014.

13. Defendant failed to make any payment on the 2013 Note.

14. Pursuant to Section 7(a)(x) of the 2014 Note a default under the 2013 Note is an Event of Default under the 2014 Note.

15. Defendant failed to make any payment on the 2014 Note.

16. On November 20, 2014, Plaintiff submitted another notice of conversion (the "November Conversion Notice"), converting $17,592.12 of the 2013 Note into 104,715,000 shares of the TBEV's common stock (the "November Conversion Shares").

17. The Defendant failed to honor the November Conversion Notice and did not deliver the November Conversion Shares.

18. Pursuant to Section 3 of the 2013, in the event the Defendant fails to deliver conversion shares by the fourth trading day after the delivery of a conversion notice the Defendant shall be obligated to pay the Plaintiff $2,000 per day until such conversion shares are delivered.

19. Defendant ceased to be DTC eligible.

20. Pursuant to Section 4(vii) of the 2013 Note and 7(a)(x) of the 2014 Note, the failure to be DTC eligible is an Event of Default under the Notes.

21. Pursuant to Section 8(d) of the 2014 Note, Defendant is obligated to pay Alpha its costs of collection, including reasonable attorney's fees.

22. The Plaintiff has fulfilled all its obligations and fully performed under the SPA, Notes, and related documents.

23. There are no conditions precedent to the Plaintiff's enforcement of TBEV's obligations under the Notes.

## AS AND FOR A FIRST CAUSE OF ACTION
(Breach of Contract – Note Interest and Principle Payments 2013 Note)

24. The Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 23 as if fully set forth herein.

25. Defendant issued the 2013 Note to Alpha.

26. The 2013 Note was due on October 8, 2014.

27. Defendant failed to make payment on the 2013 Note when due.

28. Commencing October 9, 2014, the 2013 Note began accruing interest at the rate of 22%.

29. As a direct result of this breach the Plaintiff has been damaged as of the date of this Complaint in an amount not less than $62,234.24 plus accrued interest.

## AS AND FOR A SECOND CAUSE OF ACTION
(Breach of Contract – Note Interest and Principle Payments 2014 Note)

30. The Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 29 as if fully set forth herein.

31. Defendant issued the 2014 Note to Alpha.

32. A default under the 2013 Note is a default under the 2014 Note.

33. The 2013 Note was due on October 8, 2014.

34. Defendant failed to make payment on the 2013 Note when due thus causing an Event of Default under the 2014 Note.

35. Commencing October 9, 2014, the 2014 Note began accruing interest at the rate of 18%.

36. As a direct result of this breach the Plaintiff has been damaged as of the date of this Complaint in an amount not less than $160,000.00 plus accrued interest.

### AS AND FOR A THIRD CAUSE OF ACTION
(Breach of Contract – Damages 2013 Note)

37. The Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 36 as if fully set forth herein.

38. On November 20, 2014, Plaintiff submitted another notice of conversion (the "November Conversion Notice"), converting $17,592.12 of the 2013 Note into 104,715,000 shares of the TBEV's common stock (the "November Conversion Shares").

39. The Defendant failed to honor the November Conversion Notice and did not deliver the November Conversion Shares.

40. Pursuant to Section 3 of the 2013, in the event the Defendant fails to deliver conversion shares by the fourth trading day after the delivery of a conversion notice the Defendant shall be obligated to pay the Plaintiff $2,000 per day until such conversion shares are delivered.

41. As a direct result of this breach the Plaintiff has been damaged in an amount to be determined at trial.

WHEREFORE, Plaintiff, Alpha Capital Anstalt demands judgment against the Defendant as follows:

(a) Money damages against TBEV on breach of contract claims for failure to make payments on the 2013 Note, not less than $62,234.24, plus accrued interest;

(b) Money damages against TBEV on breach of contract claims for failure to make payments on the 2014 Note, not less than $160,000.00, plus accrued interest;

(c) Money Damages against TBEV on breach of contract claims for failure to honor a conversion of the 2013 Note in an amount to be determined at trial;

(d) Money Damages against TBEV, on the Plaintiff's attorneys fees and costs in an amount to be determined at the end of this action;

(e) For such other relief as this Court may determine as fair and just.

New York, New York
Dated: January 29, 2015

GRUSHKO & MITTMAN, P.C.

By: _____
Eliezer Drew (ED0625)
Attorneys for Plaintiff
515 Rockaway Avenue
Valley Stream, New York 11581
(212) 697–9500