John C. Gugliotta (JG1570)
Gugliotta & Ponzini, P.C.
140 Huguenot St., 2nd Fl.
New Rochelle, NY 10801
(914) 813-1700
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT FO NEW YORK

| | |
|---|---|
| ALPHA CAPITAL ANSTALT, | Index No.: 15-CV-639/2015 |
| Plaintiff, | |
| -against- | **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| HIGH PERFORMANCE BEVERAGE COMPANY, | |
| Defendant. | |

Defendant High Performance Beverage Company (hereinafter "HPBC" or "Defendant"), by its attorneys, Gugliotta & Ponzini, P.C., as and for its Answer to Plaintiff's Complaint, respectfully alleges as follows:

PRELIMINARY STATEMENT

PARTIES

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies same.

2. In response to paragraph 2, Defendant admits all allegations therein.

JURISDICTION AND VENUE

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and leaves questions of law for the Court.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and leaves questions of law for the Court.

## FACTUAL ALLEGATIONS

5. In response to paragraph 5, Defendant admits all allegations therein.

6. In response to paragraph 6 of the Complaint, Defendant denies each and every allegation therein.

7. In response to paragraph 7, Defendant admits all allegations therein.

8. In response to paragraph 8, Defendant admits all allegations therein.

9. In response to paragraph 9, Defendant admits all allegations therein.

10. In response to paragraph 10, Defendant admits all allegations therein.

11. In response to paragraph 11, Defendant admits all allegations therein.

12. In response to paragraph 12, Defendant admits all allegations therein.

13. In response to paragraph 13, Defendant admits all allegations therein but denies an obligation to make any payments.

14. In response to paragraph 14, Defendant admits all allegations therein.

15. In response to paragraph 15, Defendant admits all allegations therein but denies an obligation to make any payments.

16. In response to paragraph 16, Defendant admits all allegations therein.

17. In response to paragraph 17 of the Complaint, Defendant denies each and every allegation therein.

18. In response to paragraph 18 of the Complaint, Defendant denies each and every allegation therein.

19. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 19 and therefore denies same.

20. In response to paragraph 20 of the Complaint, Defendant denies each and every allegation therein.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies same.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies same.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore denies same.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

24. The Defendant repeats and re-alleges the allegations in paragraphs 1 through 23 as if fully set forth herein.

25. In response to paragraph 25, Defendant admits all allegations therein.

26. In response to paragraph 26, Defendant admits all allegations therein.

27. In response to paragraph 27, Defendant admits all allegations therein but denies an obligation to make any payments.

28. In response to paragraph 28 of the Complaint, Defendant denies each and every allegation therein.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore denies same.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

30. The Defendant repeats and re-alleges the allegations in paragraphs 1 through 29 as if fully set forth herein.

31. In response to paragraph 31, Defendant admits all allegations therein.

32. In response to paragraph 32, Defendant admits all allegations therein.

33. In response to paragraph 33, Defendant admits all allegations therein.

34. In response to paragraph 34 of the Complaint, Defendant denies each and every allegation therein.

35. In response to paragraph 35 of the Complaint, Defendant denies each and every allegation therein.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore denies same.

### AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

37. The Defendant repeats and re-alleges the allegations in paragraphs 1 through 36 as if fully set forth herein.

38. In response to paragraph 38 of the Complaint, Defendant denies each and every allegation therein.

39. In response to paragraph 39 of the Complaint, Defendant denies each and every allegation therein.

40. In response to paragraph 40, Defendant admits all allegations therein but denies an obligation to make any payments.

41. In response to paragraph 41 of the Complaint, Defendant denies each and every allegation therein.

### AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:
### THE LIQUIDATED DAMAGES PROVISIONS ARE INVALID

1. At the time of contract formation, the amount of anticipated damages was easily

ascertainable whereby rendering liquidated damages unnecessary.

2. At the time of contract formation, the liquidated damages provisions were grossly disproportionate to the anticipated damages that would occur in the event of a breach of contract and therefore was an illegal and unenforceable penalty.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:
### THE USURY LAWS OF THE STATE OF NEW YORK

3. The interests rates on the Notes violate the usury laws of the State of New York.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:
### IMPOSSIBILITY

4. Defendant's alleged duties as claimed in the Complaint, if any so existed, have been excused by the doctrine of impossibility in that the performance of said obligation is and has been rendered impossible and/or commercially impracticable.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:
### ILLEGALITY

5. Defendant's alleged duties as claimed in the Complaint, if any so existed, have been excused by the doctrine of illegality.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:
### IMPRACTICABILITY

6. Defendant's alleged duties as claimed in the Complaint, if any so existed, have been excused by the doctrine of impracticability in that the performance of said obligation is and has been rendered commercially impracticable

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:
### FAILURE OF A CONDITION PRECEDENT

7. Plaintiff seeks to enforce an agreement when Plaintiff itself has failed to perform under the terms and conditions of the agreement.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

8. Plaintiff failed to state a claim upon which relief can be granted.

Dated: New Rochelle, New York
April __, 2015

Yours, etc.
Gugliotta & Ponzini, P.C.

_____
By: JOHN C. GUGLIOTTA
Attorneys for the Defendant
140 Huguenot Street, Second Fl.
New Rochelle, NY 10801
(914) 813-1700
