Grushko & Mittman, P.C.
Eliezer Drew (ED0625)
515 Rockaway Avenue
Valley Stream, NY 11581
(212) 697 – 9500
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X          Index No.: 15 Civ. 639 (CM)
ALPHA CAPITAL ANSTALT,

       Plaintiff,

                -against-

HIGH PERFORMANCE BEVERAGE COMPANY,

       Defendant.
-------------------------------------------------------------X


**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT**

# **Table of Contents**

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   i

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ii

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

     I.    First Cause of Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

     II.    Second Cause of Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..   3

     III.    Third Cause of Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

     IV.    Attorneys' Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

## <u>Table of Authorities</u>

**<u>Cases</u>**

*Anderson v. Liberty Lobby, Inc.*
477 U.S. 242 (1986)                                                                 2


*Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*
375 F.3d 168 (2d Cir.2004)                                                      2


*Harlen Assocs. v. Vill. of Mineola*
273 F.3d 494 (2d Cir.2001)                                                      2


*Zim Amer. Integrated Shipping Ser. Co., LLC v. Aegis Trading & Shipping Co.*
2014 WL 5286102 (S.D.N.Y. 2014)                                           2

**<u>Statutes</u>**

Federal Rule of Civil Procedure 56                                         2

## PRELIMINARY STATEMENT

This memorandum of law is submitted in support of Plaintiff's motion for summary judgment.  This is a simple breach of contract case in which the Defendant admits entering into the relevant agreement and admits breaching the terms of such agreements.  Since no material facts are in dispute, Plaintiff should be granted summary judgment as set forth below.

## FACTS

1.     Defendant issued to Plaintiff a note dated August 26, 2014 in the principal amount of $62,234.24 (the "2013 Note").  Affirmation of Michael Holley, president of defendant High Performance Beverage Company dated September 11, 2014 (hereinafter "Holley Affirmation") ¶ 4.

2.     Defendant issued to Plaintiff a note dated August 27, 2014 in the principal amount of $160,000.00 (the "2014 Note" together with the 2013 Note the "Notes").  Holley Affirmation ¶ 6.

3.     The 2013 Note was due October 8, 2014.  2013 Note page 1.

4.     The 2014 Note was due March 27, 2015. 2014 Note page 1.

5.     The Defendant has not made any payments on the Notes.  Holley Affirmation ¶¶ 9-10.

6.     On November 20, 2014, Plaintiff submitted another notice of conversion (the "November Conversion Notice"), converting $17,592.12 of the 2013 Note into 104,715,000 shares of the TBEV's common stock (the "November Conversion Shares"). ").  Holley Affirmation ¶ 11.

7.     The Defendant failed to honor the November Conversion Notice.   Holley Affirmation ¶ 12.

1

8.     The Defendant did not deliver the November Conversion Shares.     Holley Affirmation ¶ 12.

## STANDARD OF REVIEW

A party is entitled to summary judgment where it shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56.   "Material facts" are those that, under the applicable substantive law, "might affect the outcome of the suit."  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute over a "material fact" is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*  "Mere speculation and conjecture is insufficient to preclude the granting of the motion."  *Harlen Assocs. v. Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir.2001).

## ARGUMENT

### I.     FIRST CAUSE OF ACTION – Breach of the 2013 Note

Under New York law, the elements of breach of contract are "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Zim American Integrated Shipping Services Company, LLC v. Aegis Trading & Shipping Company*, 2014 WL 5286102 * 1 (S.D.N.Y. 2014) *citing*, *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir.2004).

As applied to the first cause of action, the 2013 Note is a valid agreement.  Plaintiff had no performance obligations under the 2013 Note.  Defendant breached the 2013 Note by failing to pay the sums due on the Maturity Date (October 8, 2014).  As a result thereof Plaintiff was damaged in an amount of $62,234.24, plus accrued interest through the date of the judgment.

2

II.     **SECOND CAUSE OF ACTION – Breach of the 2014 Note**

The elements of a breach of contract case are set forth above.  As applied to the second cause of action, the 2014 Note is a valid agreement.  Plaintiff had no performance obligations under the 2014 Note.  Defendant breached the 2014 Note by: (i) failing to pay the sums due on the Maturity Date (2014 Note § 7(a)(i)); (ii) defaulting on the 2013 Note (2014 Note § 7(a)(iii)); failing to honor the November Conversion Notice (2014 Note § 7(a)(iii)); and (iv) ceasing to be DTC eligible ("2014 Note § 7(a)(x).  As a result thereof Plaintiff was damaged in an amount of $160,000.00, plus accrued interest through the date of the judgment.

III.    **THIRD CAUSE OF ACTION – Failure to honor the November Conversion Notice**

The elements of a breach of contract case are set forth above.  As applied to the third cause of action, the 2013 Note is a valid agreement.  Plaintiff had no performance obligations under the 2014 Note. Defendant breached the 2013 Note by failing to honor the November Conversion Notice.  As a result thereof Plaintiff was damaged.  Because damages on failure to honor a conversion notice are difficult to calculate, the 2013 Note sets forth a liquidated damages amount of $2,000 per day for failure to honor a conversion notice.  Thus Plaintiff has been damaged in the amount of amount $682,000.00 through October 27, 2015, plus an additional $2,000 per day through the date of the judgment.

IV.     **ATTORNEYS' FEES**

Pursuant to Section 8(d) of the 2014 Note, in the event a party to the 2014 Note is required to go to court to enforce the terms of the 2014 Note, the prevailing party in such litigation is entitled to be reimbursed by the other party for its attorneys' fees and other costs and expenses incurred in the investigation, preparation and prosecution of such action.  As set forth above Plaintiff has valid claims against the Defendant and should the Court grant the Motion, Plaintiff is entitled to its

attorneys' fees and other costs and expenses incurred in the investigation, preparation and prosecution of this action.

## **<u>CONCLUSION</u>**

Based on the foregoing, the Plaintiff's motion for summary judgment should be granted in its entirety.

Respectfully submitted.

Dated: October 27, 2015
       Valley Stream, New York

Respectfully submitted,

By: _____
Eliezer Drew (ED0625)
Attorney for Defendants
551 Fifth Avenue, Suite 1601
New York, New York 10176
(212) 697–9500

4