USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/23/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

x

ALPHA CAPITAL ANSTALT,

Plaintiff,

-against-

15 Civ. 639 (CM)

HIGH PERFORMANCE BEVERAGE COMPANY,

Defendant.

x

MEMORANDUM ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR SUMMARY JUDGMENT

McMahon, J.:

Before the court is an unopposed motion for summary judgment filed by the plaintiff. The motion is granted.

On an unopposed motion for summary judgment, a court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (quoting *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001). If a court determines that the moving party's burden has not been met, it must deny the motion "*even if no opposing evidentiary matter is presented.*" *Id.* (emphasis in original). Moreover, even if the moving party has met its burden of demonstrating that no material issue of fact remains, a court may not grant summary judgment unless it can "'show that [it] is entitled to judgment as a matter of law.'" *Id.* (quoting *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996) (per curiam)).

While the moving party's Rule 56.1 statement is "an important guide" in examining the evidence in an unopposed motion for summary judgment, *Polanco v. 34th St. P'ship*, 724 F. Supp. 2d 420, 425 (S.D.N.Y. 2010) (quoting *Shark v. City of New York*, No. 03 Civ. 2616, 2008 U.S. Dist. LEXIS 78982, 2008 WL 4444112, at *3 (S.D.N.Y. Sept. 29, 2008), it may not be the sole source of facts on which the court relies. *Vt. Teddy Bear*, 373 F.3d at 244. Instead it must find support for such facts in the record. *Jackson v. Fed. Express*, 766 F.3d 189, 194 (2d Cir. 2014); *Vt. Teddy Bear*, 373 F.3d at 244; *see also N.Y. Civil Liberties Union v. Grandeau*, 528 F.3d 122, 132 (2d Cir. 2008).

Here, the affirmations in support of the motion and the attached exhibits provide the necessary support for the findings of undisputed fact that undergird the motion.

In brief: in August 2014, the plaintiff acquired two convertible notes issued by the Defendant. The Defendant defaulted in making payment on the earlier of the two Notes (the 2013 Note), and also failed to honor the second of two notices of conversion, demanding that a portion of the unpaid principal be converted into Defendant's common stock pursuant to a pre-set formula.[1] The defaults under the 2013 Note automatically qualified as defaults under the second Note (the 2014 Note) per the terms of the Note and the parties' Purchase Agreement. Additionally, when the 2014 Note went into default, it triggered an interest reset provision, which hiked the interest rate on the 2014 Note to 18%. Both Notes are past their due date; neither has been paid.

The plaintiff has pleaded and proved its first two claims for relief – for breach of contract for failure to pay off the 2013 Note (Count One) and the 2014 Note (Count Two). Additionally, plaintiff has pleaded and proved its claim for breach of contract due to the failure by Defendant

[1] As far as the court can tell from the record, the Defendant honored the first Notice of Conversion and the Plaintiff acquired shares of the Defendant's common stock as a result.

to issue almost 105 million shares of its common stock to Plaintiff, as demanded in the Notice of Conversion that was transmitted to it by Plaintiff on November 20, 2014. The parties, anticipating that it would be difficult or impossible to quantify damages if Defendant failed to honor a notice of conversion, agreed, at Section 3 of the 2013 Note, that the penalty for such failure would be liquidated damages in the amount of $2,000 per day, from and after the fourth business day following the service of the notice of conversion. (Count Three)

There are no genuine issues of material fact, and Plaintiff is entitled to judgment as a matter of law on all of its claims for relief. Therefore, the motion for summary judgment is granted as follows:

On Count One, for failure to pay off the 2013 Note, in the amount of $62,234.24, plus accrued interest at the rate stipulated in the Note;

On Count Two, for failure to pay off the 2014 Note, in the amount of $160,000, plus accrued interest at the rate stipulated in the Note;

On Count Three, for failure to issue shares pursuant to a Notice of Conversion dated 11/20/22014, liquidated damages in the amount of $2,000 per day beginning on the fourth business day after November 20, 2014 (the Plaintiff did not specify what day that was), but must do so in the form of judgment to be submitted to the court.

The Plaintiff shall forthwith submit a form of judgment, calculating all amounts due, including pre-judgment interest through the date of submission, together with all necessary formulas for calculating any additional interest on a daily basis through the date the judgment is entered.

Dated: March 23, 2016

U.S.D.J.

BY ECF TO ALL COUNSEL